UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEATHER BENEDICT,

        Plaintiff,

  v.

PIERCE COUNTY,

        Defendant.

CASE NO. C25-5065 BHS

ORDER

THIS MATTER is before the Court on the following motions:

- defendant Pierce County's Federal Rule of Civil Procedure 12(b)(5) and (6) motion to dismiss, Dkt. 6;

- pro se plaintiff Heather Benedict's motion to strike Pierce County's motions, Dkt. 9;

- Benedict's motion for sanctions, spoliation, *Monell* liability, and expedited discovery, Dkt. 15; and

- Benedict's motion for a preliminary injunction and a temporary restraining order, Dkt. 27.

ORDER - 1

Benedict sued Pierce County in Thurston County superior court in January 2025, asserting that its officials' systemic failures—"including a permanent e-filing ban imposed without notice or a hearing"—violated her due process and other constitutional and statutory rights. Dkt. 1-1. All of Benedict's claims arise from her mother's 2012 death, and from the 2016 probate of her mother's estate in Pierce County superior court. *Id*. Benedict is particularly focused on an unidentified May 2016 order "confirming plaintiff's standing as heir" which Benedict alleges Pierce County Commissioner Kirkendoll signed but failed to file or otherwise preserve. *Id*.

Benedict claims that "Pierce County" dismissed the probate case in June 2016, effectively erasing the May 2016 rulings from the record. Benedict apparently filed a new case in King County superior court, was sanctioned there, filed for bankruptcy protection, and ultimately returned to Pierce County superior court in 2024, when she alleges "Pierce County" "improperly re-opened" the probate. She complains about the conduct and rulings of various Pierce (and King) County judges, and about the lack of ADA accommodations she faced over time. She asserts claims for violations of the Public Records Act, negligence, due process, discrimination, the Address Confidentiality Act, breach of fiduciary duty, abuse of process, intentional infliction of emotional distress, conspiracy, and the First Amendment. Dkt. 1-1 at 16–23. She reiterates that a Pierce County Judge issued a lifetime ban on her e-filing in the superior court. This ban, imposed under Rule 11, was already the subject of an appeal, and Benedict lost. Dkt. 7-6 at 8.

Pierce County seeks dismissal for failure of service[1] and for failure to state a plausible claim. Pierce County argues that Benedict's claims are both time-barred and precluded, as she has litigated and lost multiple cases arising out of these same facts. Dkt. 6.

Pierce County asserts and demonstrates that since 2016 Benedict has relentlessly litigated her mother's estate in *six* prior superior court cases, and that Benedict lost each of them, filed seven appeals, and lost each of those. Dkt. 6 at 2 (citing Dkts. 7-1 to 7-7). The state courts have repeatedly sanctioned Benedict for abusive and frivolous filings. Indeed, her conduct there apparently led to the "e-filing ban" there, which is one of the cornerstones of her claims here.

Benedict seeks to strike Pierce County's motions based primarily on her claim that she properly served her complaint, and that Pierce County waived any objections by removing the case here. She argues that the Court cannot consider anything outside her complaint in considering a Rule 12(b)(6) motion to dismiss, and that her complaint raises new claims based on new facts, including "continued concealment of court records" and "recent ADA denial." Dkt. 14 at 2.

The issues are addressed in turn.

---

[1] It does not appear that Benedict properly served Pierce County, but that is not a basis for dismissing with prejudice a pro se plaintiff's complaint less than four months after it was filed. Pierce County's Rule 12(b)(5) motion is **DENIED** as moot.

# I. DISCUSSION

## A. Rule 12(b)(6) standard.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook,*

1  *Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However,
2  when the facts are not in dispute and the sole issue is whether there is liability as a matter
3  of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193,
4  195–96 (9th Cir. 1988).

**B.    Judicial notice**

As an initial matter, Benedict's claim that the Court cannot consider the fact or result of her many prior lawsuits is simply not correct. Under Fed. R. Evid. 201, the Court may take judicial notice of "matters of public record," without converting a motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A judicially noticed fact must be one "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *abrogated on other grounds*, *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (A court may not take judicial notice of "disputed factual matters," though it may take judicial notice of the fact that prior court proceedings occurred.).

The Court takes judicial notice of Benedict's prior lawsuits and the results thereof, Dkt. 7. Her motion to strike Pierce County's motion because it relies on these prior adjudications, Dkt. 9, is **DENIED.**

**C.    Benedict's claims are facially time-barred.**

Pierce County asserts that Benedict's claims are facially time barred, as each claim has at most a three-year limitations period, and all the events upon which her claim are

based occurred far more than three years before she filed this action. Dkt. 6 at 7–9, 12–14. Benedict's response to the motion, Dkt. 14, does not address the limitations period on any of her claims. Her improperly filed surreply, Dkt. 18, asserts that the limitations period was tolled by an unidentified 2016 filing in an unidentified court. It also asserts that the limitations period should be equitably tolled. These arguments are untimely and without merit.

42 U.S.C. § 1983 contains no statute of limitations. Federal courts instead "borrow" § 1983 limitations periods from analogous state law, specifically, the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which provides a three-year limitations period. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The limitations period for a § 1983 claim is therefore three years. Benedict asserts that "Pierce County" violated her constitutional rights when it lost and or destroyed her Order in May 2016, more than eight years before she filed this lawsuit. She claims the County violated her constitutional rights when it banned her from e-filing, in 2020. Dkt. 7-6 at 8.

The limitations period for a Washington negligence claim is also three years. RCW 4.16.080(2). Even if the Public Records Act applied to court records (and it does not, *Nast v. Michels*, 107 Wn.2d 300, 304 (1986)), the limitations period for such a claim is one year. RCW 42.56.550(6).

Benedict's "Address Confidentiality" claim falls under Washington's "catch all" two-year limitations period. RCW 4.16.130. Benedict's dubious claim that Pierce County owed her a fiduciary duty, and breached it in 2016, is also subject to a two-year

limitations period. *Id*. Benedict's equally doubtful claim that the County intentionally inflicted emotional distress on her (by disagreeing with her legal positions and sanctioning her) is subject to a three-year limitations period. RCW 4.16.080(2). This claim is explicitly based on actions which took place more than four years before Benedict filed this action.

Benedict's claims are facially time barred, and Pierce County's motion to dismiss on this basis is **GRANTED**.

**D.     Benedict's claims are precluded by prior judgments on these same claims and issues.**

Pierce County asserts that Benedict's claims are barred by *res judicata*, because she has already repeatedly litigated them, and lost. Dkt. 6 at 6.

Under *res judicata* (or claim preclusion), "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n.4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wn. App. 184 (2011).

Collateral estoppel, or issue preclusion, is a related but separate doctrine. It precludes a litigant from repeatedly litigating the same issue by, as Benedict seeks to do here, naming a new defendant in a new suit and re-litigating issues she has already lost.

ORDER - 7

Collateral estoppel prevents re-litigation of an issue "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Amadeo v. Principal Mutual Life Insurance Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Collateral estoppel applies when the following factors are satisfied: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)) (looking to the record to determine if an issue had been raised, contested and submitted for determination).

The Court has reviewed the seven appellate opinions addressing and rejecting the exact same issues and claims Benedict seeks to re-visit in this case. Her claims not only could have been litigated in state court, they were litigated, and she lost. Those decisions preclude her from re-asserting them here. Pierce County's motion to dismiss on this basis is **GRANTED**.

E.   **The *Rooker-Feldman* doctrine prohibits this Court from reviewing, reversing, or intervening in state court proceedings.**

Benedict's claims are plainly barred by another doctrine as well. This Court cannot and will not review or reverse state court decisions.

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*

ORDER - 8

1 | *Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in
2 | federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the
3 | state court and seeks to vacate or set aside the judgment of that court, the federal suit is a
4 | forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona
5 | v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

Benedict's claims against Pierce County are all based on the decisions and conduct of state courts in adjudicating her claims. This Court cannot review those decisions. Her claims are **DISMISSED** on this basis as well.

**F.     Judicial immunity bars claims based on judicial decisions.**

Benedict has not named any judges as defendants, but instead seeks to sue the judges' employer, Pierce County, for the adverse litigation results she suffered in state court.

Judicial officers are immune from actions arising from the discharge of official duties. *Mireles v. Waco*, 502 U.S. 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. *See also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*. Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). *See also Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial

process," unless they act in the "clear absence of all jurisdiction"). This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id.* at 1245. Benedict provides no authority for the novel proposition that an unhappy litigant can skirt this immunity by seeking to make the county vicariously liable for its judge's decisions. There is no such authority.

Benedict's claims are based on judicial conduct, and they are **DISMISSED**.

\*\*\*

Benedict has failed to state a plausible claim against Pierce County. The County's motion to dismiss, Dkt. 6, is **GRANTED**. Because Benedict could not amend her complaint to cure any of the fatal defects described in this Order, the dismissal is **with prejudice** and without leave to amend. Benedict's remaining motions, Dkts. 15 and 27, are **DENIED** as moot.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2025.

BENJAMIN H. SETTLE
United States District Judge